IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. NEAL ETHELDRED BENJAMIN, Defendant. | Case No. CR08-0014 ORDER FOR PRETRIAL DETENTION |

On the 31st day of December, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Marti Sleister. The Defendant appeared personally and was represented by his attorney, Anne M. Laverty.

## RELEVANT FACTS

On February 27, 2008, Defendant Neal Etheldred Benjamin was charged by Indictment (docket number 1) with possession of a firearm as an unlawful user of controlled substances. Defendant appeared on December 29, 2008, entered a plea of not guilty, and trial is scheduled for March 2, 2009.

The facts pertaining to pretrial detention were established by proffer and the pretrial services report. Defendant is 21 years old and lives with his mother in Cedar Rapids. Defendant has never been married, but has two children who live with their mother in Cedar Rapids. Defendant graduated from high school in Philadelphia, Pennsylvania, and briefly attended Kirkwood Community College in Cedar Rapids.

1

Defendant told the pretrial services officer that he has been employed by his uncle for the past year-and-a-half, doing driveway construction. The pretrial services officer was unable to verify the employment, however, and Defendant's mother said she believed the employment was more of a "side job." Defendant has no significant medical problems and no history of mental health problems. Defendant told the pretrial services officer that he drinks alcohol occasionally, and denied the use of any illegal controlled substances.

In August 2006, Defendant was charged with possession of a controlled substance and was sentenced in February 2007. In December 2006, Defendant was charged again with possession of a controlled substance (while the first charge was apparently still pending) and was sentenced in June 2007. (The instant charge of possession of a firearm as an unlawful user of controlled substances arises from the December 15, 2006 incident which was the subject of the state court conviction.)

In June 2007, Defendant was charged with assault on a peace officer, but the charge was later amended to interference with official acts. In August 2007, Defendant was charged with assault on an ex-girlfriend, but the charge was later amended to disorderly conduct.

In September 2007, Defendant was charged and convicted of interference with official acts. In November 2007, Defendant was charged with possession of a controlled substance. According to the pretrial services report, he failed to appear in that case on March 28, 2008 and again on July 28, 2008. Defendant pleaded guilty to the charge on December 5, 2008.

Meanwhile, on November 24, 2007, Defendant was charged with operating while under the influence and eluding. He failed to appear for court on February 22, 2008 and a warrant was issued. On November 6, 2008, Defendant was sentenced to one year in jail on those charges, with all but 19 days suspended.

On December 10, 2007, Defendant was again charged with operating a motor vehicle while under the influence and driving while barred. Defendant was sentenced on

January 31, 2008 to 90 days in jail and 180 days in jail on those charges, with all but 7 days suspended.

In 2008, Defendant has been convicted of trespass and, in a separate incident, domestic abuse/assault. According to the pretrial services report, Defendant was arrested in Cook County, Illinois, on October 4, 2008 and gave a false name.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case,

Defendant is charged with possession of a firearm and ammunition as an unlawful user of controlled substances, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of a firearm and ammunition as an unlawful user of controlled substances. Defendant was

born in Chicago, attended high school in Philadelphia, and currently resides with his mother in Cedar Rapids. Defendant does not have regular steady employment. The Court concludes that Defendant has only moderate ties to the community.

Despite being only 21 years old, Defendant has a substantial criminal record. In addition to three convictions for possession of a controlled substance, Defendant has two convictions for interference with official acts, and one disorderly conduct. Defendant also has two convictions for driving under the influence and a conviction for eluding. At least three of Defendant's convictions involve assaultive behavior, including one in February 2008. Significantly, Defendant failed to appear for court on three occasions in 2008, and when he was arrested in Chicago in October 2008, Defendant used a false name.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.      On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.      The time from the Government's oral motion to detain (December 29, 2008) to the filing of this Ruling (December 31, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 31st day of December, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA